```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION
```

DSW, Inc.,                              :

      Plaintiff,                   :       Case No. 2:11-cv-0036

   v.                                   :       Magistrate Judge Kemp

Zina Eva, Inc.,                         :

      Defendant.                   :


OPINION AND ORDER

     This is a breach of contract case.  Plaintiff DSW, a retailer of various items such as shoes and accessories, claims that it ordered $77,455.68 worth of handbags from defendant Zina Eva.  After they arrived, DSW decided they were not up to its standards and did not match the samples which it had received before it placed its orders.  In its complaint, it asks for its money back, along with interest and attorneys' fees.

     Despite the relatively straightforward nature of DSW's legal claims, Zina Eva has filed a motion to dismiss, arguing that, under the Supreme Court's recent decisions in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the complaint does not meet federal pleading standards.  The motion is fully briefed.  For the following reasons, it will be denied.

     I.   <u>Background of the Motion to Dismiss</u>

     Before turning to a discussion of how <u>Iqbal</u> and <u>Twombly</u> have affected the Court's review of a complaint when its sufficiency is challenged in a Rule 12(b)(6) motion to dismiss, it is helpful to explain the bases for Zina Eva's motion.  Taking them in reverse order, Zina Eva argues that DSW cannot successfully plead a claim for unjust enrichment, which is a quasi-contractual remedy, because the subject of the parties' dealings is covered

by an express contract.  It then argues that the claim based on the express contract is not properly pleaded because the governing law, Ohio's version of the Uniform Commercial Code, requires, among other things, proof of both a contract and of a breach, and these elements have not been pleaded properly.

Although the complaint specifically states that the parties entered into a contract for the sale of goods and attaches a copy of the two purchase orders as exhibits, Zina Eva asserts that the existence of a contract has not properly been pleaded because its signature does not appear on either of the purchase orders.  It points out that Ohio Rev. Code §1302.04 requires a contract for the sale of goods in excess of $500.00 to be evidenced by a writing, and that the writing be signed by the party against whom enforcement is sought.

As to the issue of pleading a breach of contract, Zina Eva contends that an action for breach can be maintained only if DSW properly rejected the goods as non-conforming.  The complaint does not plead that DSW did so.  Consequently, Zina Eva argues that, as a matter of law, DSW accepted the allegedly non-conforming goods and cannot now claim that they were defective or substandard.  As an alternative to these two arguments, Zina Eva asserts that the complaint lacks the minimum detail required under Iqbal and Twombly to plead a contract claim because there are no facts pleaded concerning various terms of the contract, such as its date or a description of the quality of goods which were to be delivered.  Zina Eva also faults the complaint for failing to allege the particular ways in which the handbags were substandard or non-conforming.  Thus, Zina Eva claims, it is left to "speculate" what the problems were, and that such speculation is inconsistent with the requirement that a claim for relief be pleaded with enough detail to make recovery "plausible."

II.  Application of Iqbal and Twombly

After the Supreme Court decided Twombly (which was an antitrust case) and Iqbal (which was a case involving claims against governmental defendants who enjoy various types of immunities from suit), lower courts have been struggling with how to apply the principles announced in those cases to more prosaic claims such as those involving simple negligence or breach of contract.  It seems likely that, if DSW's complaint had been filed pre-Twombly, Zina Eva would not have moved to dismiss because the Court would clearly have found the complaint to be sufficient under the pre-Twombley pleading standards.  Thus, Zina Eva's motion raises the issue of how different the current standards of pleading are in the context of a garden-variety claim for breach of a contract for the sale of goods.  For the following reasons, the Court concludes that the standards applicable to this type of case have not changed as much as Zina Eva would like the Court to believe, and that DSW's complaint survives the attack mounted upon it by Zina Eva's motion.

One thing is clear: after Iqbal and Twombley, the test announced in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which allowed a district court to dismiss a case under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," is no longer good law.  See Twombley, 550 U.S. at 562-63.  Twombley replaced that test with one of plausibility, requiring that a complaint, notwithstanding the "short and plain statement" language found in Fed.R.Civ.P. 8(a), contain "enough factual matter (taken as true) to suggest that" the basic elements of the claim can be proven (which, in that case, meant that the complaint must have alleged "plausible grounds to infer an agreement" in violation of the antitrust laws).  Id. at 556.  The Supreme Court stressed, however, that it was not requiring the pleader to show "probability ... at the pleading stage" and

that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ...." Id. Iqbal elaborated on this standard, setting out an analytical model which requires the Court to separate legal conclusions (which need not be accepted as true) from statements of fact and to make the required plausibility determination based on the allegations which remain.  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n] - 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950, quoting Fed.R.Civ. P. 8(a)(2).

Despite this progression in the Rule 12(b)(6) analysis, it is important not to lose sight of the purpose of Rule 8(a).  When the Federal Rules of Civil Procedure were adopted, one of the drafters' goals was to eliminate the common-law requirement of detailed pleading, which often resulted in the dismissal of cases simply because of a mis-step in the pleading process and not because the case lacked merit.  Those rules relating to the adequacy of pleadings, which have not been amended substantively since they were first adopted in 1938, provide in substance that a pleading is intended not to lay out every fact which the pleader will eventually be required to prove in order to prevail, but rather to give the responding party "fair notice" of the claim being asserted.  This was an intentional departure from prior practice. See, e.g. Nagler v. Admiral Corporation, 248 F.2d 319, 324 (2d Cir. 1957) ("'The intent and effect of the rules is to permit the claim to be stated in general terms; the rules are designed to discourage battles over mere form of statement and to sweep away the needless controversies which the codes permitted that served either to delay trial on the merits or to prevent a party from having a trial because of mistakes in statement'"), quoting Report of Proposed Amendments, October 1955

at 18-19, and Preliminary Draft, May 1954, at 8-9, from the Advisory Committee on Civil Rules.  The form complaints which are part of the Rules of Civil Procedure are consistent with this goal, and illustrate just how "short and plain" the drafters of the rules thought a complaint could be and still survive a motion to dismiss.  See, e.g., Form 11, which is a complaint sounding in negligence and which avers (as to liability) only that "the defendant negligently drove a motor vehicle against the plaintiff."  Even after Iqbal and Twombly, courts continue to utilize the concept that a complaint should be "sufficient to give ...  notice of the basis for [the pleader's] claim."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 212 (3d Cir. 2009).  Thus, even if there has been some shift in the conceptual analysis applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim, there has not been a wholesale abandonment of the Rules' goal of eliminating "needless controversies" over pleadings which clearly state plausibly meritorious claims.

      It seems unlikely that DSW's complaint is so vague that Zina Eva has not been given "fair notice" of the basis of the claims asserted against it.  The complaint refers to two specific orders of handbags, sets forth the dollar amount of the purchases, and alleges a variance between the samples that formed the basis of the contract and the handbags which were actually delivered.  It does seem likely that DSW could have included additional factual allegations, but the question is not how many potential factual allegations were omitted from the complaint, but the sufficiency of those which were included.  It is still true, even after Iqbal and Twombley, that "the exact terms of the parties' contractual arrangement, whether the parties' written contract was modified in any material way, the effect of any additional terms, and whether additional consideration supported such a modification

each present factual and legal questions that the pleadings simply cannot answer." Colonial Trading, LLC v. Basset Furniture Industries, Inc., 2010 WL 5071174, *4 (W.D.N.C. December 7, 2010). As the Twombly court put it, all that pleaders need do is to allege enough facts to "nudge[] their claims across the line from conceivable to plausible ...." Id. at 570. The Court concludes that DSW's factual allegations supply the required amount of "push" to allow this case to "pass go."

The primary flaw which Zina Eva identifies in the contract claim is the failure to refer to or incorporate a writing that was signed by Zina Eva. Essentially, it argues that the statute of frauds bars the claim. However, under Ohio law, "[t]he statute of frauds in an affirmative defense to a claim." Mossa v. W. Credit Union, Inc., 84 Ohio App.3d 177, 180 (Franklin Co. 1992). Generally, a complaint is not required to anticipate and negate affirmative defenses that the defendant might raise. See, e.g., Harris v. Pepsi Bottling Group, Inc., Location No. 42, 438 F.Supp.2d 728, 733 (E.D. Ky. 2006). Even if that were not so, DSW has identified, from the facts it has pleaded (i.e. the issuance of purchase orders, payment, acceptance of payment and delivery of goods) a plausible scenario under which a contract might be proved even if Zina Eva failed to sign the purchase orders. That is enough, even under the new pleadings standard, to constitute a viable allegation that the parties entered into a contract.

Zina Eva also takes issue with the lack of detail in the complaint concerning the way in which the handbags failed to conform to the contract. The complaint, however, alleges facts as opposed to legal conclusions on this issue, stating that the handbags delivered were not the same as the ones provided as samples and that their quality was inferior. It does not take much imagination to envision additional facts which might support

-6-

this claim, nor is it required that each and every way in which the handbags were substandard be spelled out in the complaint. Even if the allegations made about the goods present mixed questions of law and fact, there is enough factual substance here to create a plausible scenario under which Zina Eva could be held liable.  Additional details are the appropriate subject of discovery, and this is not a case where Zina Eva will be forced to do discovery in the absence of a plausible claim for relief.

Finally, Zina Eva argues that DSW may not maintain its breach of contract claim because it has not alleged any facts in support of the legal conclusion that it properly rejected its acceptance of the handbags.  It cites to Ohio Rev. Code §1302.64(A)(2) for the requirements which must be met in order for a contracting party properly to reject its acceptance of goods under the Uniform Commercial Code.  However, a party may still sue for breach of contract even if it has accepted goods and if any attempt at a subsequent rejection is ineffective.  See R.C. §1302.65(B) ("acceptance does not of itself impair any other remedy provided by sections 1302.01 to 1302.98, inclusive, of the Revised Code for non-conformity"); see also Ohio Diffuser & Ventilation Supply Company v. Burks & Needles Co., 1980 WL 351950, *6 (Wyandot Co. App. May 6, 1980).  Thus, whether or not DSW ever accepted the handbags or, if it did, whether or not it subsequently revoked its acceptance, it is not precluded from seeking a remedy (although perhaps not the exact remedy of a full refund of the purchase price - but the facts will have to be developed further before that conclusion can be reached).  In the Court's view, these are all fact questions which will await discovery for further development.  Consequently, the Court finds no fatal defects in the breach of contract claim as it is currently pleaded.

Zina Eva's primary issue with the unjust enrichment claim is

-7-

that, under Ohio law, a party may not recover for unjust enrichment when an express contract exists concerning the same subject.  See, e.g., Hughes v. Oberholtzer, 162 Ohio St. 330 (1954).  However, as DSW correctly points out, Fed.R.Civ.P. 8(d)(2) and (3) allow a party to plead claims in the alternative and to plead inconsistent claims.  Ohio courts have approved pleading express contract and unjust enrichment as alternative claims, see, e.g., Firelands Regional Med. Ctr. v. Jeavons, 2008 WL 4408600, *5 (Erie Co. App. September 30, 2008), and this Court has done the same.  See MVB Mortg. Corp. v. F.D.I.C., 2010 WL 654051, *4 (S.D. Ohio February 19, 2010) (Graham, J.).

Alternatively, Zina Eva argues that, again citing to the more stringent pleading standards discussed at length above, the unjust enrichment claim is lacking in factual detail and does not plausibly state a claim under Ohio law, which requires proof of "(1) a benefit conferred by [plaintiff] upon [defendant]; (2) knowledge by [the defendant] of the benefit; and (3) retention of the benefit by [defendant] under circumstances where it would be unjust to do so without payment."  See Hambleton v. R.G. Barry Corp., 12 Ohio St.3d 179, 183 (1984), quoting Hummel v. Hummel, 133 Ohio St. 520, 525 (1938).  However, fairly read, the complaint alleges that DSW paid full price for inferior goods which were worth less than the amount paid.  Should the contract claim fail, DSW has a reasonable chance of proving that it would be unjust for Zina Eva to retain the money paid to it beyond the value of the goods which it sold.  See, e.g., United States v. Applied Pharmacy Consultants, Inc., 182 F.3d 603, 609 (8th Cir. 1999) (upholding a verdict in favor of a purchaser of goods on an unjust enrichment claim where the seller "had in fact been unjustly enriched at the expense of the plaintiff, because [it] had received for certain goods some $242,000 more than they were worth").  Thus, the unjust enrichment claim has been pleaded both

-8-

properly and sufficiently well to withstand a motion to dismiss.

### III.  Conclusion and Order

For all of the reasons set forth above, the Court concludes that the complaint adequately states a claim upon which relief may be granted both as to the breach of contract claim and the unjust enrichment claim.  The motion to dismiss the complaint (#6) is therefore denied.

                                  /s/ Terence P. Kemp
                                  United States Magistrate Judge